J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
**ALVERSON TAYLOR & SANDERS**
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendant
Jayco, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| THEODORE and RHONDA ELWELL,<br><br>Plaintiffs,<br><br>v.<br><br>JAYCO, INC., a foreign corporation; SIERRA RV SUPERCENTER, INC., a Nevada corporation; DOES I-V; and ROE CORPORATIONS VI-X, inclusive,<br><br>Defendants. | CASE NO: |

**DEFENDANT JAYCO, INC.'S NOTICE OF REMOVAL**

TO:   DEBRA KEMPI, Clerk, United States District Court for the District of Nevada

PLEASE TAKE NOTICE that Defendant JAYCO, INC. hereby removes to this Court the state court action entitled "JAYCO, INC., a foreign corporation; SIERRA RV SUPERCENTER, INC., a Nevada corporation; DOES I-V; and ROE CORPORATIONS VI-X, inclusive," Case No. CV18-01979 filed in the Second Judicial District Court for the State of Nevada, County of Washoe. A copy of the Complaint is attached hereto as Exhibit A. The grounds for removal are:

. . .

. . .

1

KNW 25914

1. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 2301, also known as the Magnuson-Moss Warranty Act, as the matter in controversy exceeds $50,000.00, pursuant to 15 U.S.C. § 2310(d)(3)(B), exclusive of interest and costs, as set forth below.

2. Based upon information and belief, the value of the trailer at issue, as alleged in the Complaint is $57,006.73.  See Complaint ¶ 6.

3. This Court also has supplemental jurisdiction over Plaintiff's NRS § 104.2608, Nevada law based claim, pursuant to 28 U.S. Code § 1367. See Complaint ¶ 24.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)-(b) and Local Rule 8-1. This action was originally brought in the Second Judicial District for the State of Nevada, Washoe County.

5. This notice of removal is timely filed within thirty (30) days after receipt of the paper that makes this case removable as required by 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days of service of the Summons and Complaint on Defendant  JAYCO, INC. on October 19, 2018. Upon information and belief, Defendant Sierra RV Supercenter was served with the Summons and Complaint and will consent to the removal.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

KNW 25914

6. Pursuant to 28 U.S.C. 1446(d), Defendant JAYCO, INC. has prepared and will file with the Clerk of the Second Judicial District Court a Notice of Removed Action.

Dated this 9th day of November, 2018.

ALVERSON TAYLOR & SANDERS

_____
J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendant
Jayco, Inc.

KNW 25914

## CERTIFICATE OF ELECTRONIC SERVICE

I certify that on the 9th day of November, 2018, service of the above and foregoing **DEFENDANT JAYCO, INC.'S NOTICE OF REMOVAL** was made by electronically filing a true and correct copy of the same to each party addressed as follows:

Craig W. Drummond, Esq.
craig@drummondfirm.com
DRUMMOND LAW FIRM
810 S. Casino Center Blvd., Ste. 101
Las Vegas, NV 89101
702-366-9966 Phone
702-508-9440 Firm
Attorney for Plaintiff

*/s/ Amanda Lockwood*

_____
Employee of ALVERSON TAYLOR & SANDERS

n:\bruce.grp\z-client\25914\pleadings\notc removal.docx

# EXHIBIT A

**DRUMMOND LAW FIRM, P.C.**
Craig W. Drummond, Esq.
Nevada Bar No. 011109
810 S. Casino Center Blvd., Ste 101
Las Vegas, NV 89101
T: (702) 366-9966
F: (702) 508-9440
craig@drummondfirm.com
*Attorney for Plaintiffs*

## DISTRICT COURT
## WASHOE COUNTY, NEVADA

| | |
|---|---|
| Theodore and Rhonda Elwell, | Case No.: CV18-01979 |
| Plaintiffs, | Dept. No.: |
| vs. | |
| Jayco, Inc., a foreign corporation; Sierra RV Supercenter, Inc., a Nevada corporation; DOES I-V; and ROE CORPORATIONS VI-X, inclusive, | |
| Defendants. | |

### SUMMONS

*NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.*

TO:   JAYCO, INC.

A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1.   If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

   a.   File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

   b.   Serve a copy of your response upon the attorney whose name and address is shown below.

2.   Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.   If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of

Craig W. Drummond, Esq.
Nevada Bar No. N109
Attorneys for Plaintiff
810 S Casino Center Blvd, Ste 101
Las Vegas, NV 89101
P: (702) 366-9966
F: (702) 508-9440

JACQUELINE BRYANT
Clerk of the Court

By _____   10-12-18
Deputy Clerk                                        Date
~~Clark County Courthouse~~
~~200 South Third Street~~
~~Las Vegas, NV 89155~~

JACQUELINE BRYANT
Clerk of the
Second Judicial District Court
75 Court Street
Reno, Nevada 89501

F I L E D
Electronically
CV18-01979
2018-09-28 12:17:56 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 6903279 : csulezic

**DRUMMOND LAW FIRM, P.C.**
Craig W. Drummond, Esq.
Nevada Bar No. 011109
810 S. Casino Center Blvd., Ste 101
Las Vegas, NV 89101
T: (702) 366-9966
F: (702) 508-9440
craig@drummondfirm.com
*Attorney for Plaintiffs*

## DISTRICT COURT
## WASHOE COUNTY, NEVADA

| | |
|---|---|
| **Theodore and Rhonda Elwell,** | ) Case No.: |
| | ) Dept. No.: |
| Plaintiffs, | ) |
| | ) **Complaint** |
| vs. | ) |
| | ) |
| **Jayco, Inc., a foreign corporation; Sierra RV Supercenter, Inc., a Nevada corporation; DOES I-V; and ROE CORPORATIONS VI-X, inclusive,** | ) |
| | ) |
| Defendants. | ) |

COMES NOW, Plaintiffs, THEODORE AND RHONDA ELWELL, by and though their attorney, CRAIG W. DRUMMOND ESQ., and for causes of actions against Defendants allege as follows:

### GENERAL ALLEGATIONS

1. The Washoe District Court has jurisdiction to hear this matter.

2. At all relevant times Theodore and Rhonda Elwell ("Plaintiffs") are consumers who reside in the State of Nevada, Washoe County.

3. Defendant, Jayco Inc,. ("Jayco") is a foreign corporation and is engaged in the manufacture, sale, supply and distribution of recreational vehicles and attendant warranties.

Complaint - 1

Defendant supplies its products and services to the Nevada consuming public through its authorized dealerships, including Sierra RV Supercenter, Inc. ("Sierra").

4. Defendant, Sierra RV Supercenter, Inc. ("Sierra") is a domestic corporation and is engaged in the sale, and supplies of recreational vehicles and attendant warranties as an authorized dealership for Defendant Jayco.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOES I through V and ROE CORPORATIONS VI through X are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as Doe and/or Roe is negligently, recklessly, and/or intentionally responsible in some manner for the events and happenings herein referred to and negligently, recklessly, and/or intentionally caused injuries and damages proximately thereby to the Plaintiff as herein alleged; that at the time of the incident, which is the subject of this Complaint, these unknown individuals or entities may have been responsible for the breach of warranty in this case to proximately cause said injuries to Plaintiffs. When the names of these entities or individuals become known, Plaintiffs will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, Does and/or Roes, when same have been ascertained by Plaintiffs, together with the appropriate charging allegations, and to join such Defendants in this action.

6. On September 29, 2017, Plaintiffs purchased from Sierra a new 2018 Jayco Eagle 24.5CKTS (the "Eagle" or "Trailer") manufactured, warranted and supplied by Jayco, for a price of $57,006.73, plus accruing financing charges.

7. In connection with Plaintiffs purchase of the Eagle Jayco issued and supplied to Plaintiffs its written warranty against defects. Jayco was required as an essential purpose of its warranty and by common law and statute to perform adequate and competent repairs or replacements within a reasonable opportunity and time.

8. The subject Eagle exhibited several non-conforming conditions and defects since Plaintiffs purchase of the same.

9. The Eagle has experienced numerous defects and has been out of service an inordinate time despite its low use and short time in service. The unit has suffered from the following defects and nonconformities: slides (2 repair attempts), water leaks, flooring, molding, fender skirt, unsecured lines, front cap trim, and damage from the water leaks.

10. Despite being sold as a new product, the Eagle has out of service well over 3 months (97+ days) in less than one year of ownership. Nevertheless, the Eagle remains defective and in need of additional repairs related to the leaks and damage from said leaks.

11. These defects and repair history prevented Plaintiffs from using the Eagle as intended by the parties at the time of purchase and as intended by the warranty.

12. This repair history is unreasonable under the Magnuson-Moss Warranty Act.

13. Upon information and belief, the subject Eagle remains defective upon the filing of this Complaint.

14. The Eagle's numerous defects and its repeated repairs constitute substantial impairment in the use and value of the subject trailer to Plaintiffs.

15. Plaintiff provided Jayco, Sierra, and their designated and authorized repair agents a reasonable opportunity to repair the defects, non-conformities and conditions within the Eagle.

16. Despite being given more than a reasonable time/reasonable opportunity to cure said defects, non-conformities and conditions, Defendants failed to do so. As such, the Eagle's warranty has failed its essential purpose.

17. Jayco's failure to correct said defects violates its statutory and common law duties to Plaintiff and the expectations created by Jayco's promotional documents and warranties.

18. Plaintiffs (by and through undersigned) noticed Jayco additional written notification of the defects within the subject Trailer and Plaintiffs' lawful demand regarding the same on May 3, 2018.

19. On May 3, 2018, Plaintiffs similarly informed Sierra of the non-conforming condition of the Eagle and of Plaintiffs' revocation of its acceptance.

20. Sierra did not accept or respond to Plaintiffs' revocation thereby forcing this enforcement action.

21. Sierra has also refused to repair Eagle. For its part, Jayco has also failed to repair the unit as expressly promised by the warranty, demanding instead that Plaintiffs either take the unit to another repair shop hundreds of miles away in California, or pay out of pocket for the repairs and seek reimbursement from Jayco.

22. Plaintiffs have been and will continue to be financially damaged due to the non-conforming condition of the subject Trailer and Defendants' failure to cure these non-conformities within a reasonable time. Plaintiffs did not receive the basis of their bargain for a new Eagle, but

instead were saddled with an Eagle riddled with defects akin to an improperly maintained several years old used trailer of a much lower value.

23. Plaintiffs have met all financial obligations for the Eagle and the preconditions of the lawsuit charging allegations, and to join such Defendants in this action.

24. Plaintiffs demand a trial by jury.

## FIRST CAUSE OF ACTION—BREACH OF WRITTEN WARRANTY PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT BY CODEFENDANT JAYCO

20. Plaintiffs re-allege and incorporate by reference the preceding paragraphs in this Complaint.

21. Jayco provided a written warranty and undertook certain responsibilities with respect to the Eagle,

22. Jayco failed to comply with its obligations under its written warranty.

23. Plaintiff has been damaged by Jayco's warranty breach.

WHEREFORE, pursuant to 15 U.S.C. §2310(d), Plaintiffs pray that the Court grant the following relief against Jayco for its written warranty breach:

    a. An award of diminution in value damages and any equitable relief to which Plaintiffs are entitled;

    b. For actual, incidental, and consequential damages in a sum in excess of $15,000.00;

    c. For general damages in a sum in excess of $15,000.00;

    d. For reasonable attorney's fees, expert fees, costs, and interest for having to prosecute this matter; and

e. For such and further relief as this Court may deem just and equitable in the premises.

## SECOND CAUSE OF ACTION-NRS §104.2608-REVOCATION OF ACCEPTANCE AGAINST CODEFENDANT SIERRA

24. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

25. Sierra' tender of the Eagle was substantially impaired due to the Trailer's defects and non-conformities.

26. Plaintiffs accepted the Eagle on the reasonable assumption that any nonconformities within the Trailer would be seasonably cured.

27. The Eagle's nonconformities have not been seasonably cured.

28. Plaintiffs' acceptance of the Eagle was also reasonably induced by the difficulty of discovering the Trailer's nonconformities before acceptance and by Sierra's assurances regarding the quality of the Eagle.

29. Plaintiffs' revocation of acceptance occurred within a reasonable time after discovering the grounds for revocation and before any substantial change in condition of the Eagle which is not caused by its own defects.

30. Plaintiffs notified Sierra of the revocation.

WHEREFORE, Plaintiffs pray that the Court order Sierra to:

a. Accept Plaintiffs' revocation of acceptance and return all monies paid towards the subject Trailer;

b. Award all incidental and consequential damages to which Plaintiffs are entitled;

c. Pay all reasonable court costs and attorneys' fees; and,

d. Provide any other relief deemed just and appropriate.

## THIRD CAUSE OF ACTION- BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY UNDER THE MAGNUSON-MOSS WARRANTY ACT BY CODEFENDANT SIERRA

22. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

23. No supplier may disclaim or modify any implied warranty to a consumer with respect to such consumer product if at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product. *See* 15 U.S.C. §2308 (a).

24. At the time of sale Sierra sold and entered into a 60 month warranty service contract with which applies to the Eagle. As such, any attempts by Sierra to disclaim the implied warranty of merchantability are invalid. *See* 15 U.S.C. §2308(a) ("No supplier may disclaim or modify… any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer Product, or (2) at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product.").

25. Because of its defects and repair history the Eagle was not fit for its ordinary purpose.

26. Defendant has breached the implied warranty of merchantability to Plaintiffs.

27. WHEREFORE, Plaintiff requests that the Court:

    a. Enter judgment against Sierra for all actual, incidental and consequential damages to which Plaintiffs are entitled;

    b. Grant Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. §2310 (d)(2); and,

    c. Grant all other relief deemed just and appropriate.

**RESPECTFULLY SUBMITTED** this 28 day of September, 2018.

By: _____
Craig W. Drummond, Esq.
Nevada Bar No. 0011109
810 S. Casino Center Blvd., Ste 101
Las Vegas, NV 89101
*Attorney for Plaintiffs*